## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CP PRODUCTIONS, INC., an Illinois corporation,

Plaintiff,

vs.

AXERA INTERNATIONAL, LLC, a Canadian limited
liability company,

Defendants.

## COMPLAINT

CP PRODUCTIONS, INC., an Illinois corporation, by and through its attorneys,

FISCHEL & KAHN, LTD., as and for its Complaint against AXERA INTERNATIONAL,

LLC, a Canadian limited liability company, states as follows:

### THE PARTIES

1.      Plaintiff, CP PRODUCTIONS, INC. is an Illinois corporation, with its

principal place of business located in Wheaton, DuPage County, Illinois ("CP").

2.      Defendant AXERA INTERNATIONAL, LLC is, upon information and

belief, a Canadian limited liability company, with its principal place of business located

in Montreal, Quebec, Canada, and is a citizen of Canada ("AXERA").

### JURISDICTION

3.      This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, as

the matter in controversy between Plaintiff and Defendants exceeds the sum or value of

$ 75,000, exclusive of interest and costs, and is between **citizens of a State and citizens or**

**subjects of a foreign State**.

## VENUE

4.     Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C.

§ 1391(e), as a substantial part of the events or omissions giving rise to this Complaint

occurred in the Northern District of Illinois.

## COMMON FACTS

5.     CP is involved in the business of preparing and mailing printed

advertisements for clients in various industries.

6.     AXERA is an advertising company which has clients located, *inter alia*,

throughout North America.

7.     On or about October 3, 2011, AXERA contacted CP to induce CP to print

200,000 individual pieces of mail containing a multipage "Nutrim diet package", and,

through the United States Post Office ("USPS"), direct mail them to identified

consumers.

8.     On Or about October 5, 2011, AXERA issued its purchase order number

2011-03-200 to CP for the printing and mailing of 200,000 pieces of mail for a "Nutrim

diet package".

9.     In order to place the 200,000 pieces of mail with the USPS, CP had to pre-

pay $51,117.91 in postage.

10.     That is, the USPS would not accept any of the advertising unless the

postage was paid first.

11.     On or about October 6, 2011, AXERA issued the following two checks

payable to CP for the pre-payment of USPS postal charges:

A.      October 6, 2011, check number 20030, in the amount of U.S. $46,000.00; and

B.      October 6, 2011, check number 20036, in the amount of U.S. $5,117.91

12.      On October 12, 2011, the 200,000 "Nutrim diet package" mailings were placed with the USPS for delivery.

13.      On or about October 11, 2011, check number 20030 was returned to CP's bank due to "ACCOUNT CLOSED". A true, accurate and complete copy of check number 20030 is attached hereto as Exhibit "1", and is hereby incorporated by reference herein.

14.      On or about October 14, 2011, check number 20036 was returned to CP's bank due to "ACCOUNT CLOSED". A true, accurate and complete copy of check number 20036 is attached hereto as Exhibit "2", and is hereby incorporated by reference herein.

15.      The account on which the two checks were drawn was closed by AXERA on October 6, 2011.

16.      AXERA did not inform CP on or about October 6, 2011, that it had closed its account and has never offered to replace check numbers 20030 and/or 20036.

17.      CP did not learn of the return of the checks until October 17, 2011, when it received mailed notices from its bank.

18.      On or about, October 17, 2011, CP sent an e-mail to AXERA informing it that the two checks had been returned and requested a wire transfer of the $51,117.91.

19.      On October 17, 2011, AXERA informed CP, for the first time, that the

checks were "not NSF, we had a fraud situation in the account and had to close it down at the last minute [] and open a new one …" It also promised to inform CP the following morning when the replacement funds would be sent.

20.     However, the next day, AXERA did not agree to replace the funds and would not state when it would do so.

21.     After October 18, 2011, AXERA stopped answering e-mails and stopped retuning telephone calls.

22.     On October 18, 2011, CP sent a written demand to AXERA, by regular mail and by certified mail, seeking certified funds to replace the two returned checks, a true, accurate and complete copy of which is attached hereto as Exhibit "3", and is hereby incorporated by reference herein ("Demand Letter").

23.     As of December 13, 2011, the certified mail "green card" for the Demand letter has not been returned.

24.     As of December 13, 2011, neither the regular mail nor certified mail copy of the Demand letter has been returned.

25.     To date, AXERA has not responded to the Demand Letter.

26.     As of December 13, 2011, AXERA owes CP $51,117.91, as and for the principal sum due for the two returned checks.

27.     AXERA has not made any payments or attempted to tender any funds to CP since October 6, 2011.

28.     At all times relevant hereto, there existed in the State of Illinois the Criminal Code of 1961, as amended, which provided, in the relevant part:

§ 720 ILCS 5/17-1.  Deceptive practices
Sec. 17-1. Deceptive practices.
(A)    **General deception**.  A person commits a deceptive practice when, with intent to defraud, the person does any of the following:

(1)    He or she knowingly causes another, by deception or threat to execute a document disposing of property or a document by which a pecuniary obligation is incurred.

(2)    Being an officer, manager or other person participating in the direction of a financial institution, he or she knowingly receives or permits the receipt of a deposit or other investment, knowing that the institution is insolvent.

(3)    He or she knowingly makes a false or deceptive statement addressed to the public for the purpose of promoting the sale of property or services.

(B)    **Bad checks**.  A person commits a deceptive practice when:

(1)    With intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act [35 ILCS 120/1 *et seq*.] or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. The trier of fact may infer that the defendant knows that the check or other order will not be paid by the depository and that the defendant has acted with intent to defraud when the defendant fails to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart. In this paragraph (B)(1), "property" includes rental property (real or personal).

(2)    He or she issues or delivers a check or other order upon a real or fictitious depository in an amount exceeding $ 150 in payment of an amount owed on any credit transaction for property, labor or services, or in payment of the entire amount owed on any credit transaction for property, labor or services, knowing that it will not be paid by the depository, and thereafter fails to provide funds or credit with the depository in the face amount of the check or order within 7 days of receiving actual notice from the depository or payee of the dishonor of the check or order.

* * *

(E)    **Civil liability**.  A person who issues a check or order to a payee in violation of paragraph (B)(1) and who fails to pay the amount of the check or order to the payee within 30 days following either delivery and acceptance by the addressee of a written demand both by certified mail and by first class mail to the person's last known address or attempted

delivery of a written demand sent both by certified mail and by first class mail to the person's last known address and the demand by certified mail is returned to the sender with a notation that delivery was refused or unclaimed shall be liable to the payee or a person subrogated to the rights of the payee for, in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $1,500, plus attorney's fees and court costs. An action under this subsection (E) may be brought in small claims court or in any other appropriate court. As part of the written demand required by this subsection (E), the plaintiff shall provide written notice to the defendant of the fact that prior to the hearing of any action under this subsection (E), the defendant may tender to the plaintiff and the plaintiff shall accept, as satisfaction of the claim, an amount of money equal to the sum of the amount of the check and the incurred court costs, including the cost of service of process, and attorney's fees.

720 ILCS 5/17-1.

## COUNT I – Returned Check # 20030

Plaintiff, CP PRODUCTIONS, INC., as and for its complaint against Defendant, AXERA INTERNATIONAL, LLC, states as follows:

29.      PLAINTIFF re-states and re-alleges paragraphs 1 through 28, inclusive, above, as though set forth for the first time herein.

30.      CP, is, therefore, entitled to the additional sum of $1,500.00 as and for additional damages pursuant to 720 ILCS 5/17-1(E).

31.      CP is also entitled to collect attorneys' fees necessary for the preparation and presentation of this Complaint. 720 ILCS 5/17-1(E).

32.      CP has incurred attorneys' fees to date and will incur additional fees until this matter is concluded.

**WHEREFORE**, Plaintiff, CP PRODUCTIONS, INC., prays this Honorable Court enter an Order granting it the following relief:

A.    Entering judgment in favor of CP and against AXERA, in the sum of $47,500.00;

B.    Awarding PLAINTIFF its reasonable attorneys' fees and costs; and

C.    Granting PLAINTIFF such other and further relief as this Honorable Court deems equitable, just and reasonable.

## COUNT II – Returned Check # 20036

Plaintiff, CP PRODUCTIONS, INC., as and for its complaint against Defendant, AXERA INTERNATIONAL, LLC, states as follows:

33.    CP re-states and re-alleges paragraphs 1 through 28, inclusive, above, as though set forth for the first time herein.

34.    CP, is, therefore, entitled to the additional sum of $1,500.00 as and for additional damages pursuant to 720 ILCS 5/17-1(E).

35.    CP is also entitled to collect attorneys' fees necessary for the preparation and presentation of this Complaint. 720 ILCS 5/17-1(E).

36.    CP has incurred attorneys' fees to date and will incur additional fees until this matter is concluded.

**WHEREFORE**, Plaintiff, CP PRODUCTIONS, INC., prays this Honorable Court enter an Order granting it the following relief:

A.    Entering judgment in favor of CP and against AXERA, in the sum of $6,617.91;

B.    Awarding CP its reasonable attorneys' fees and costs; and

C.    Granting CP such other and further relief as this Honorable Court deems equitable, just and reasonable.

## COUNT III – Breach of Contract (Invoices for Printing)

Plaintiff, CP PRODUCTIONS, INC., as and for its complaint against Defendant, AXERA INTERNATIONAL, LLC, pleading in the alternative, states as follows:

37.     CP re-states and re-alleges paragraphs 1 through 8, inclusive, above, as though set forth for the first time herein.

38.     On October 13, 2011, CP sent its invoice number 3328 by e-mail and Federal Express to AXERA for the printing of the 200,000 pieces of advertising, totaling $39,300.00, a true, accurate and complete copy of which is attached hereto as Exhibit "4", and is hereby incorporated by reference herein ("Invoice").

39.     The Federal Express was delivered to AXERA on October 14, 2011, and accepted by "K. Kailey". A true, accurate and complete copy of the Federal Express receipt is attached hereto as Exhibit "5", and is hereby incorporated by reference herein.

40.     As of December 21, 2011, neither the e-mail, nor the Federal Express package has been returned to CP as undelivered.

41.     On October 17, 2011, CP made a written demand upon AXERA to make payment of all sums due and owing on, *inter alia*, invoice number 33258.

42.     To date, AXERA has failed to pay the sums due and owing on invoice number 3328.

43.     After all setoffs or payments received, as of December 21, 2011, the principal sum of $39,300 remains outstanding for printing services rendered and costs advanced by CP on behalf of AXERA.

44.     On November 29, 2011, CP sent its invoice number 3328-2 by e-mail to

AXERA for the printing of the 200,000 pieces of advertising, totaling $1,235.04, a true,

accurate and complete copy of which is attached hereto as Exhibit "6", and is hereby

incorporated by reference herein ("Invoice").

45.     As of December 12, 2011, the e-mail has not been returned to CP as

undelivered.

46.     To date, AXERA has failed to pay the sums due and owing on invoice

number 3328-2.

47.     After all setoffs or payments received, as of December 21, 2011, the

principal sum of $1,235.04 remains outstanding for printing services rendered and costs

advanced by CP on behalf of AXERA.

48.     At all times relevant hereto there was in force and existed in the State of

Illinois a statute which provides in the relevant part:

> Creditors shall be allowed to receive at the rate of five (5) per centum per
> annum for all moneys after they become due on any bond, bill,
> promissory note, or other instrument of writing; on money lent or
> advanced for the use of another; on money due on the settlement of
> account from the day of liquidating accounts between the parties and
> ascertaining the balance; on money received to the use of another and
> retained without the owner's knowledge; and on money withheld by an
> unreasonable and vexatious delay of payment.

815 ILCS 205/2.

49.     Interest continues to accrue at the *per diem* rate of $5.553.

**WHEREFORE**, Plaintiff, CP PRODUCTIONS, INC., prays this Honorable Court

enter an Order granting it the following relief:

A.      Entering judgment in favor of CP and against AXERA, in the sum of
        $40,535.04;

    B.      Awarding CP pre-judgment interest from October 13, 2011, through the date of judgment; and

    C.      Granting CP such other and further relief as this Honorable Court deems equitable, just and reasonable.

### COUNT IV – Account Stated (Invoices for Printing)(In the Alternative)

Plaintiff, CP PRODUCTIONS, INC., as and for its complaint against Defendant, AXERA INTERNATIONAL, LLC, pleading in the alternative, states as follows:

50.     CP re-states and re-alleges paragraphs 37 through 45, inclusive, of Count III above, as though set forth for the first time herein.

51.     CP has delivered to AXERA invoices on account of all sums claimed to be due all in the ordinary course and shortly after the rendering of professional services and incurring of costs described in said invoices.

52.     AXERA has never disputed any of the amounts reflected on the invoices.

53.     The amount of $40,535.04 remains unpaid and is a liquidated amount, the balance of which has been ascertained from the amount of the invoices subject to no credits and no payments made on the account, as reflected in the statements of account attached hereto as Exhibits "4" and "6".

54.     After all setoffs and payments received, as of December 21, 2011, the principal amount of $40,535.04 is due and owing.

**WHEREFORE**, Plaintiff, CP PRODUCTIONS, INC., prays this Honorable Court enter an Order granting it the following relief:

    A.      Entering judgment in favor of CP and against AXERA, in the sum of $40,535.04;

    B.      Awarding CP pre-judgment interest from October 13, 2011, through the

date of judgment; and

C.      Granting CP such other and further relief as this Honorable Court deems equitable, just and reasonable.

Respectfully submitted,
**CP PRODUCTIONS, INC.**



By:     /s/ Ronald D. Menna, Jr.
        One of Its Attorneys

David W. Inlander, Esq.
Ronald D. Menna, Jr., Esq.
**FISCHEL & KAHN, LTD.**
Suite 1950
155 North Wacker Drive
Chicago, Illinois  60606-1716
312-726-0440
312-726-1448 [Facsimile]

## VERIFICATION

The undersigned hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that she is the president of the Plaintiff CP PRODUCTIONS, INC., in the foregoing Complaint, is authorized to execute this Verification, and that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

BETH PILCHER

David W. Inlander, Esq.
Ronald D. Menna, Jr., Esq.
FISCHEL & KAHN, LTD.
Suite 1950
155 North Wacker Drive
Chicago, Illinois  60606-1716
312-726-0440
312-726-1448 [Facsimile]
Atty. No 25600
W:\rdm\CP Productions v Axera [C298-003]\Pleadings\Complaint 2011-12-21.docx